[Cite as *State v. Perez*, 2011-Ohio-3983.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95874**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CARLOS O. PEREZ

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-538282

**BEFORE:** Celebrezze, J., Stewart, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** August 11, 2011

**ATTORNEY FOR APPELLANT**

Kimberly K. Yoder
Kimberly K. Yoder Co., L.P.A.
1236 Smith Court
Rocky River, Ohio   44116


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    James Hofelich
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


FRANK D. CELEBREZZE, JR., J.:

{¶ 1}   Appellant, Carlos Perez, appeals his convictions for aggravated robbery, felonious assault, and aggravated theft.   After careful review of the record and pertinent law, we affirm appellant's convictions.

{¶ 2}   On June 15, 2010, appellant was indicted by the Cuyahoga County Grand Jury on one count of aggravated robbery in violation of R.C. 2911.01(A)(3), a felony in the first degree; one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree; and one count of aggravated theft in violation of R.C. 2913.02(A)(1), a felony of the fourth degree.

{¶ 3} Appellant waived his right to a jury trial and on September 22, 2010, the case proceeded to the bench where the following evidence was presented.

{¶ 4} Celida Moran, an 89-year-old woman, testified that on June 1, 2010 she was exiting her bank on W. 25th Street in Cleveland when a man took her purse, causing her to fall and fracture her wrist. Moran stated that she had approximately $600 in her purse at the time of the incident. The man who took Moran's purse was later identified as appellant's co-defendant, Carlos Alicea.

{¶ 5} James Colbert, a truck driver for the city of Cleveland, testified that he was sitting at a stoplight at W. 25th Street and Jay Avenue when he witnessed a man snatch a purse from an elderly woman. After Colbert saw the man strike the woman and take off running, he followed the man in his city truck and witnessed the man jump into the passenger side of a vehicle parked in the curb lane. Colbert stated that there was already an individual in the driver's seat, whom he described as a Hispanic male in his mid-twenties. At that time, Colbert sounded his horn and angled his city truck to prevent the driver of the vehicle from moving forward. Colbert testified that the vehicle proceeded to "back up really fast, burned rubber" and went east on Jay Avenue. As the vehicle was speeding away, Colbert was able to write down the vehicle's license plate number, and he reported what he witnessed to his dispatcher. Colbert identified the car as a pewter, gray, tan Toyota Corolla. The driver of the vehicle was later identified as appellant.

{¶ 6} Wendy Vazquez-Ortiz testified that she was Alicea's girlfriend and that on June 1, 2010, Alicea came to her home to get his wallet at approximately 9:00 a.m. Vazquez-Ortiz stated that she noticed appellant waiting for Alicea in the driver's seat of the vehicle previously identified by Colbert. Vazquez-Ortiz stated that she next saw Alicea around 12:30 p.m. that day, and he gave her $100.

{¶ 7} Detective David Borden of the Cleveland Police Department, Second District, testified that he ran the license plate number reported by Colbert and discovered that it belonged to appellant's wife, Marie Figueroa. Det. Borden went to Figueroa's address. She indicated that on June 1, 2010, appellant borrowed her car for the day.

{¶ 8} At that time, Det. Borden took appellant into custody and conducted a standard field interview. Det. Borden testified that in the course of the interview, appellant described his relationship with Alicea and the events of June 1, 2010. According to Det. Borden, appellant stated that on June 1, 2010, he received a call from Alicea to pick him up so they could make some money in order to purchase heroin. Appellant stated that they were going to "hit a lick" and that "he thought Mr. Alicea was going to rob the Family Dollar or something." Det. Borden testified that "hit a lick" means "to commit a crime, burglary, or robbery."

{¶ 9} Det. Borden testified that appellant stated that he drove Alicea to W. 25th Street and Lorain Road and dropped him off, then parked near Jay Avenue and waited for Alicea to return. Appellant next told Det. Borden that Alicea came running back, jumped in the vehicle, and said "go, go, go." Appellant told Det. Borden that he sped

away in the vehicle after city workers attempted to prevent him from leaving the scene. At the conclusion of the interview, appellant informed Det. Borden that he received $60 from the robbery. He then showed the police detectives where Alicea lived. Appellant and Alicea were subsequently arrested.

{¶ 10} Following Det. Borden's testimony, appellant testified on his own behalf and denied any involvement in the crimes committed by Alicea on June 1, 2010. Appellant admitted that he picked up Alicea and drove him to W. 25th Street and Jay Avenue. However, appellant denied making any statements to Det. Borden that he picked up Alicea to "hit a lick" and denied having any knowledge of Alicea's intent to commit a crime that morning. Appellant testified that when Alicea returned to his vehicle, he did not know that the purse in Alicea's possession was stolen until the city workers attempted to prevent them from leaving the scene. Appellant testified that once he realized that Alicea had committed a crime, he immediately drove Alicea home and told him to get out of his car. Appellant testified that he refused to accept any money from Alicea and only kept the $60 that Alicea left in the vehicle because he was not working at the time and needed the money.

{¶ 11} On September 23, 2010, the trial court returned verdicts of guilty on all three counts as charged in the indictment. The court imposed a sentence of four years on Count 1, four years on Count 2, and one year on Count 3, to run concurrently, for an aggregate prison term of four years. The trial court advised appellant that he was subject to a mandatory five-year term of postrelease control.

## Law and Analysis

{¶ 12} Appellant now appeals, raising two assignments of error for review:

{¶ 13} I. "The trial court erred in denying appellant's motion for acquittal under Crim.R. 29."

{¶ 14} II. "Appellant's conviction is against the manifest weight of the evidence."

## Sufficiency and Manifest Weight of the Evidence

{¶ 15} For the purposes of clarity and judicial economy, appellant's assignments of error will be considered together. Appellant contends that the trial court erred in denying his motion for acquittal under Crim.R. 29 and that his convictions were against the manifest weight of the evidence. We disagree.

{¶ 16} After the prosecution's case in chief, appellant moved for a judgment of acquittal pursuant to Crim.R. 29, which the trial court denied. A motion for acquittal under Crim.R. 29(A) is governed by the same standard used for determining whether a verdict is supported by sufficient evidence. *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any

rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. "[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.

{¶ 17} In contrast, when reviewing the weight of the evidence, the reviewing court must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. The appellate court may not merely substitute its view for that of the jury, and reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." Id., quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.

{¶ 18} In the case at hand, appellant was charged as an aider and abettor to his co-defendant, Alicea. To support a conviction based on aiding and abetting pursuant to R.C. 2923.03(A)(2), the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal. Such criminal intent can be inferred from the presence, companionship, and conduct of the defendant before and after the offense is committed. *State v. Johnson*, 93 Ohio St.3d 240, 243, 2001-Ohio-1336, 754 N.E.2d 796. The mere presence of an accused at the scene of a

crime, however, is not sufficient to prove, in and of itself, that the accused was an aider and abettor. Id. "This rule is to protect innocent bystanders who have no connection to the crime other than simply being present at the time of its commission." *Johnson* at 243.

{¶ 19} Viewing the evidence in the light most favorable to the prosecution, we find sufficient evidence to support appellant's convictions based on his involvement in the aggravated robbery, felonious assault, and theft against Moran. The record reflects that Det. Borden testified that appellant admitted during a field interview that he drove Alicea to W. 25th Street and Jay Avenue with the knowledge that Alicea intended to commit some type of theft offense so that the men could purchase heroin. The record indicates that appellant understood that the purse in Alicea's possession was stolen and that appellant quickly fled the scene with Alicea when city employees attempted to prevent appellant's vehicle from leaving the scene. Further, appellant admitted in his own testimony that he received $60 from Alicea after the robbery and used the money to purchase heroin later that day.

{¶ 20} The testimony adduced at trial demonstrated that appellant took an active role in the commission of the crimes and was not merely present at the scene. Appellant's convictions were supported by sufficient evidence, and the trial court did not err in denying appellant's Civ.R. 29(A) motion for acquittal.

{¶ 21} Additionally, we are unable to conclude that this is the exceptional case in which the evidence weighs heavily against the conviction. While we recognize that

appellant denies making any incriminating statements to Det. Borden, the trier of fact was in the best position to judge the credibility of the witnesses. It was entitled to reject appellant's testimony and find the evidence offered by the state's witnesses to be more credible. We cannot find that the trier of fact lost its way and committed a manifest miscarriage of justice in convicting appellant of aggravated robbery, felonious assault, and theft. Therefore, appellant's convictions were not against the manifest weight of the evidence.

**{¶ 22}** Appellant's first and second assignments of error are overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MELODY J. STEWART, P.J., and
JAMES J. SWEENEY, J., CONCUR